NICHOLAS BAYLIES AND JAMES E. TYSON, *vs.* PHILIP T.
ELLICOTT.—*June* 1851.

It is the policy of the insolvent laws of this State to require nothing more
from insolvent debtors than an honest and full surrender of their estates
for the benefit of their creditors, to entitle them to a personal discharge
from their debts.

A debtor applied, on the 2nd of July, 1850, to a justice of the orphans court
of *Howard* district, for the benefit of the insolvent laws. He had resided
in *Howard* district for twelve months immediately preceding his applica-
tion, but for the residue of the two years had resided in *Baltimore* city. He
presented with his petition a certificate of the clerk of *Howard* district,
that he had not, within two years, applied for the benefit of the insolvent
laws of the State, but did not present a similar certificate from the clerk of
*Baltimore* county. He received his personal discharge, and failing to give
notice to his creditors, as required by the order of the justice, on the 20th
of December, 1850, *Howard* district court, before whom said order re-
quired him to appear, ordered the time of publication to be extended.
HELD:

That the defects, if any, in these proceedings, are cured by the 2nd sections
of the act of 1844, ch. 304, and of the act of 1836, ch. 293.

The act of 1849, ch. 88, granting appeals to this court, in cases of insolvent
proceedings, applies to *Howard* district court, as well as to the county
courts. This act is a remedial law, and is to be liberally construed.

The law creating *Howard* district court, invested it with all the powers and
jurisdiction of the county courts, and in all acts of Assembly passed since,
touching the powers and jurisdiction of county courts, this court is to be
regarded as included, unless excluded in terms.

Appeal from *Howard District* court.

On the 2nd of July, 1850, the appellee presented his peti-
tion to *McLane Brown,* a justice of the orphans court of
*Howard* district, for the benefit of the insolvent laws. The
justice granted him a personal discharge, appointed him to
appear before *Howard* district court, to answer all allegations
made against him, and directed him to give notice to his credi-
tors, by inserting a copy of the order of the justice in the
*Howard Gazette,* once a week, for three consecutive months
before said day, to appear in said court on that day, and show
cause, &c. The proceedings were, on the same day, filed
with the clerk of *Howard* district. On the day appointed, the

appellants, creditors of the petitioner, appeared, and moved the court to dismiss the petition, which motion the court overruled, and the appellants appealed. The grounds on which the motion was made, and all the facts of the case, are fully stated in the opinion of this court. The appellee made a motion to dismiss the appeal.

The cause was argued before SPENCE, MARTIN and FRICK, J.

By ALEXANDER and NELSON for the appellants, and J. T. B. DORSEY and R. JOHNSON for the appellee.

SPENCE, J., delivered the opinion of this court.

This is an application by the appellee for the benefit of the insolvent law of the State of *Maryland.* The appeal is taken from an order of *Howard* district court, overruling a motion on the part of appellants to dismiss the petition, for the following reasons:—" 1st. That it does not appear that notice has been given to the creditors, &c., as directed by the order which was passed on the application." " 2nd. That the petitioner did not present with his application a certificate from the clerk of the county wherein he resided for the space of two years next before his said application; that he had not applied for the benefit of the act for the relief of sundry insolvent debtors, and its supplements, within two years next before the date of his application." " 3rd. That the petitioner resided in the city of Baltimore within two years next before the date of this application, and did not present to the justice of the orphans court a certificate of the clerk of *Baltimore* county; that he had not applied for the benefit of the act for the relief of sundry insolvent debtors, and its supplements, within two years next before the date of his application."

On the part of the petitioner it was shown, " 1st. That *Howard* district court was in session on the 30th December, 1850."

2nd. That on the same day the following paper was filed with the clerk of the court; " *Samuel Ellicott* and *Philip T.*

*Ellicott*, insolvent petitioners.   *Mr. Worthington* enlarge the time of publication of notice to creditors, *Thomas B. Dorsey.*"

And that the following docket entry was thereupon made: " Time of publication extended to September term, 1851, order filed."

It was admitted by the parties, that the petitioner, at the date of his application, and for twelve months next before that date, had resided in *Howard* district, and for twelve months next before that term, he had resided in the city of *Baltimore*.

The record shows, that the petitioner at the time he made his application to the justice of the orphans court, for his personal discharge, presented the certificate of the clerk of *Howard* district court, that he had not, within two years next preceding his application, applied for the benefit of the insolvent laws of *Maryland*.

The counsel for the appellants, in their argument, assume the following positions:—" 1st. That as the petitioner, during part of the two years next preceding his application, resided in the city of *Baltimore*, he ought, at the time of his application, and as parcel thereof, to have presented to the justice of the orphans court, a certificate from the clerk of *Baltimore* county court, that he had not, within two years next preceding the date of his present application, made a similar application within the city of *Baltimore*."   " 2nd. That the failure of the petitioner to give notice to his creditors, as directed by the justice, forfeited his right to a discharge.   That *Howard* district court, in December, 1850, had no authority to extend the time for appearance, or giving notice to creditors; and if it possessed any such authority, did not validly exercise the same."

It is the policy of the insolvent law of *Maryland*, as clearly shown by the provisions of her statutes, to require nothing more from insolvent debtors, than an honest and full surrender of their estates for the benefit of their creditors, to entitle them to a personal discharge from their debts.

We should, in this case, be greatly at fault, satisfactorily to

answer the able and ingenious argument of the appellants' counsel, on the objections made by them to the ruling of the court in this case, were it not that we consider the acts of Assembly of 1844, ch. 304, and of 1836, ch. 293, furnish a full and conclusive answer to their objections.

It is difficult to imagine what language the legislature could have employed to cure defects in proceedings of this description, broader or more unmeasured than they have employed in the second section of the act of 1844, ch. 304. " That all defects in any proceedings now pending, or hereafter to be instituted," " may be cured at any time before the final action of the county courts," "as if the whole subject be taken up *de novo,* so as to enable the applicant to comply fully with the several requisitions of the act to which this is a supplement, and its various supplements."

The act of 1836, ch. 293, sec. 2, makes as ample provision, by investing the courts with full power in their discretion, " in all cases" to extend the time of publication of notice to creditors.

The motion to dismiss the appeal in this case, is upon the ground, that the act of 1849, ch. 88, restricts appeals to cases of insolvent proceedings pending in the county courts, to the exclusion of *Howard* district court. Would it be just to impute to the legislature the intention to exclude the people of *Howard* district from the important right of appeal in this class of cases, which they had secured to all the other citizens of the State? The law which creates this District constitutes the judges of the third judicial district the judges of that court, and invests them with all the jurisdiction of the county courts of the State.

In the acts of Assembly, since the origin of this District, touching the powers and jurisdiction of the county courts of the State, it is sometimes included in terms, sometimes omitted. But that this court was to have all the powers and jurisdiction of the county courts, unless excluded in terms, cannot be questioned. If this be not the true construction, whence the jurisdiction of this court to entertain appeals from judgments rendered by justices of the peace? How do insolvent cases come

within their jurisdiction, as the law directs their applications to be sent by a judge of the orphans court to the county court? The petitioner is to present the certificate of the clerk of the county court, when literally speaking, there is no such official. The act of 1849, is a remedial law, and to give it the partial construction contended for, would be a violation of all the rules usually resorted to in the interpretation of such statutes.

We concur in the opinion of the court below, overruling the motion to dismiss the petition, and the case is remanded for further proceedings.

CASE REMANDED.